UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

OLATUNDE OLADINNI,

    Petitioner,

    v.      CAUSE NO. 3:26-CV-160-CCB-SJF

WARDEN, U.S. DEPARTMENT OF
HOMELAND SECURITY, TAE D.
JOHNSON, and U.S. IMMIGRATIONS
AND CUSTOM ENFORCEMENT,

    Respondents.

## ORDER

Immigration detainee Olatunde Oladinni, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.) His filings are somewhat difficult to parse, but it can be discerned from his petition and "Emergency Pro Se Motion for Temporary Restraining Order" (ECF 2) that he claims to be a lawful permanent resident of the United States. It appears he was living in Maryland before the events giving rise to the petition occurred. He claims that in October 2025, he was taken into custody by Immigration and Customs Enforcement (ICE) agents under unspecified circumstances, and that removal proceedings have been initiated against him. He is being held at Miami Correctional Facility and seeks immediate release or, alternatively, an individualized bond hearing. (ECF 1 at 7.)

As a preliminary matter, Mr. Oladinni did not sign his petition. (*See id.* at 8.) This violates Federal Rule of Civil Procedure 11(a), which requires that every filing be signed by an attorney of record, or by the party personally if the party is unrepresented as Mr. Oladinni is. FED. R. CIV. P. 11(a). The signature is important because it certifies that his filing is not being submitted for an improper purpose, the factual contentions within it have evidentiary support, and the claims raised are warranted by law. *See* Fed. R. Civ. P. 11(b)(1)-(4). He is expected to comply with applicable procedural rules even though he is proceeding without counsel. *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("As we have repeatedly held, even pro se litigants must follow procedural rules[.]"). For his convenience, the clerk will send him a copy of his petition to sign, date, and return. He is cautioned that his petition must be stricken if he does not promptly correct this deficiency. *See* FED. R. CIV. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention.").

As an additional matter, the docket reflects that Mr. Oladinni has not paid the $5.00 filing fee or moved for leave to proceed in forma pauperis.[1] He must take one of these two steps for the case to proceed. For his convenience, the clerk will send him the form he must use if he wishes to seek in forma pauperis status.

As a final matter, Mr. Oladinni filed a motion for temporary restraining order and/or preliminary injunction. (ECF 2.) He asks the court to order his immediate

---

[1] He attaches documentation to his petition reflecting that he owes debts to his landlord, a utility provider, and others, but he has not completed an in forma pauperis motion or provided detailed information about his monthly household income, expenses, and assets. (*See* ECF 1-1 at 3-7.) He submits other documentation reflecting that his wife is currently employed as a registered nurse. (*Id.* at 46.) It is not evident from the present record that he is unable to pay the $5.00 filing fee.

release from custody or order the government to give him a bond hearing while the court resolves his petition. He asserts that the matter is urgent because his family is facing financial difficulties and is likely to be evicted if he is not released and able to earn income to help support them. (ECF 2.)

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the petitioner's] allegations as true" or "give him the benefit of all reasonable inferences in his favor[.]" *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must endeavor to assess the merits as "they are likely to be decided after more complete . . . litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an

3

extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. The third and fourth factors, harm to the opposing party and the public interest, merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The court must consider the government's interest in enforcement of the immigration laws, as well as the fact that an injunction acts as "an intrusion into the ordinary processes of administration and judicial review." *Id.* at 427, 435.

Balancing those interests, Mr. Oladinni has not demonstrated an entitlement to preliminary injunctive relief before the issues in his petition can be fully considered. Although he states that there is no basis to detain him, at this stage the court only has his version of events. He appears to acknowledge that he has a criminal history, and releasing him before the government even has an opportunity to respond to his arguments would constitute a significant intrusion into the administrative process. The court understands his desire to be released as soon as possible, and the court intends to resolve his petition expeditiously, assuming he resolves the deficiencies noted above. He has not demonstrated that he will be irreparably harmed if he is detained during the time needed to address these deficiencies and to resolve his petition in a fair manner.

He also asks for a stay of removal, but there is no indication he is likely to be removed from the country any time in the near future, as his first hearing in immigration court is scheduled for three months from now. Moreover, "[a]lthough removal is a serious burden for many aliens, it is not categorically irreparable[.]" *Nken*, 556 U.S. at 435. If he is concerned about a transfer to another facility within the United

4

States, this would not deprive the court of jurisdiction to consider his petition even if it occurs. *See In re Hall*, 988 F.3d 376, 379 (7th Cir. 2021). Therefore, the court declines to grant the extraordinary relief he seeks.

For these reasons, the court:

(1) **DIRECTS** the clerk to send the plaintiff a copy of his unsigned petition (ECF 1), along with a blank non-prisoner in forma pauperis motion **AO 239 (Rev. 1/15)(INND Rev. 8/16)**;

(2) **GRANTS** the plaintiff until **February 23, 2026,** to sign, date, and return the petition to the clerk;

(3) **GRANTS** the plaintiff until **February 23, 2026**, to either pay the $5.00 filing fee or file a motion for leave to proceed in forma pauperis on the form, providing complete information about his household income, expenses, and assets;

(4) **CAUTIONS** him that if he does not respond by the deadline, this case may be dismissed without further notice for failure to prosecute; and

(5) **DENIES** the petitioner's "Emergency Pro Se Motion for Temporary Restraining Order" (ECF 2).

SO ORDERED on February 9, 2026.

                                                 /s/*Cristal C. Brisco*
                                                 CRISTAL C. BRISCO, JUDGE
                                                 UNITED STATES DISTRICT COURT