UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

OLATUNDE OLADINNI,

Petitioner,

v.                                            CAUSE NO. 3:26-CV-160-CCB-SJF

WARDEN,

Respondent.

## ORDER

Immigration detainee Olatunde Oladinni, representing himself, filed a petition

for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is being unlawfully

detained in violation of the laws or Constitution of the United States. ECF 1. The

government has filed a response and Oladinni has filed a reply. ECF 8, 13. The petition

is ready to be decided.

Oladinni is a native and citizen of Nigeria who has been living in the United

States as a Lawful Permanent Resident for over a decade. ECF 8-1 at 3. In February 2022,

after having departed the United States, Oladinni arrived at Baltimore International

Airport and applied for re-admission to the United States as a Lawful Permanent

Resident. *Id.* U.S. Customs and Border Protection issued him a Notice to Appear

pursuant to INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I), charging him with

being removable due to a conviction involving moral turpitude. *Id.*at 3-4, 13.[1] On

October 29, 2024, Oladinni had a master hearing before an immigration judge ("IJ") in

---

[1] In 2016, Oladinni was convicted of Grand Larceny in Virginia and sentenced to two years. ECF
8-1 at 4, 8-9. In 2024, he was convicted of Petit Larceny and sentenced to thirty days. *Id.* at 4, 11. On
August 26, 2025, he was arrested for Shoplifting and Petit Larceny, and his case is still pending. *Id.* at 4.

Baltimore, Maryland, and the IJ ordered him removed from the United States to Nigeria in absentia. *Id.* at 3, 16-17. On October 22, 2025, immigration officers took Oladinni into custody upon his release from Baltimore County Detention Center and transported him to the Baltimore Field Office. *Id.* at 3. At that time, Oladinni was under a final order of removal. *Id.* at 2. On December 9, 2025, an IJ granted his motion to reopen his proceedings. *Id.* at 20. He is currently being held at Miami Correctional Facility.

In his habeas corpus petition, Oladinni argues he faces prolonged detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), which applies to post-final order detention. The court construed his petition as alleging he is being unlawfully detained without bond under 8 U.S.C. § 1225(b)(2). The government argues Oladinni is in fact subject to mandatory detention under 8 U.S.C. § 1226(c).

Here, the record shows Oladinni is currently being detained under § 1226(c). Although he was previously subject to a final removal order, an IJ granted his motion to reopen his removal proceedings. ECF 8-1 at 20. Upon reopening the proceedings, the statutory authority for Oladinni's detention shifted from post-final removal order (under § 1231) to pre-final removal order (under § 1226). Therefore, Oladinni is subject to mandatory detention under § 1226(c) based on his prior conviction of Grand Larceny. *Id*. at 4.

Oladinni argues his prolonged detention without a bond hearing violates his due process rights. The Seventh Circuit Court of Appeals and the United States Supreme Court have both held the mandatory detention provision in § 1226(c) is constitutional on its face. *See Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal

proceedings [pursuant to § 1226(c)] is a constitutionally permissible part of that process."); *Parra v. Perryman*, 172 F.3d 954, 958 (7th Cir. 1999) ("Given the sweeping powers Congress possesses to prescribe the treatment of aliens, see *Fiallo v. Bell*, 430 U.S. 787, 792 (1977), the constitutionality of § 1226(c) is ordained."). In *Kim*, the Supreme Court took up a due process challenge to § 1226(c) and rejected the habeas petitioner's argument that due process requires an individualized bond hearing for an alien in mandatory detention. 538 U.S. at 523-26, 531.

That said, the Seventh Circuit has left open the possibility of an as-applied challenge to a particular detainee's detention under § 1226(c), noting, but not deciding, the open question of "whether mandatory detention under § 1226(c) is consistent with due process when a detainee makes a colorable claim that he is not in fact deportable." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1020-21 (7th Cir. 2004) (citing *Kim,* 538 U.S. at 560 (Souter, J., dissenting) ("Some individual aliens covered by § 1226(c) have meritorious challenges to removability or claims for relief from removal. . . . As to such aliens . . . the Government has only a weak reason under the immigration laws for detaining them.")). The Supreme Court likewise has not spoken to an as-applied challenge to prolonged detention under § 1226(c). *See Jennings v. Rodriguez*, 583 U.S. 281, 312 (2018) (concluding as a matter of statutory interpretation that § 1226(c) did not place time limits on detention or require periodic bond hearings but remanding the constitutional arguments for consideration first).

While the Seventh Circuit has not addressed the issue of as-applied challenges to prolonged detention under § 1226(c) in the aftermath of *Jennings*, a number of other

courts have done so and applied a test similar to the one set forth in *German Santos v. Warden Pike Cty. Correctional Facility*, 965 F.3d 203, 211 (3d Cir. 2020). Here, the court need not reach this issue, as even if the court were to apply the *German Santos* framework, it would conclude Oladinni does not have a valid as-applied due process claim. *German Santos* lays out four factors to analyze an as-applied due process claim: (1) the duration of the detention; (2) whether the detention is likely to continue; (3) the reasons for the delay, such as a detainee's request for continuances; and (4) whether the conditions under which the noncitizen is confined are "meaningfully different" from criminal punishment. *Id.* at 211.

With regard to the first factor – the duration of Oladinni's detention – Oladinni has only been in custody for a little over four months. Courts have repeatedly held that detentions of a year or longer are not unreasonable and do not necessitate a bond hearing. *See, e.g., Santos v. Lowe*, No. 1:18-CV-1553, 2019 WL 1468313 (M.D. Pa. Apr. 3, 2019) (15 months in detention does not violate due process where the case has proceeded at a reasonable pace with no evidence the government has willfully delayed the case); *Fernandez v. Lowe*, No. 3:17-CV-2301, 2018 WL 3584697, at *5 (M.D. Pa. July 26, 2018) (detention for 15 months not unconstitutional given regular progression of proceedings). Because Oladinni's four-month detention falls well below this threshold, this factor – which *German Santos* describes as the "most important factor" – weighs heavily in favor of the government.

Considering the second factor – whether the detention is likely to continue – Oladinni's immigration proceedings were reopened at his request. His detention is

4

likely to continue for some time, but he was subject to a final order of removal which would have concluded his immigration proceedings had he not moved to reopen the proceedings. This factor too weighs in favor of the government.  Considering the third factor – the reasons for the delay – there is no indication the government has improperly delayed the underlying immigration proceedings. Oladinni was under a final order of removal before moving to reopen his case, and there is no evidence of any bad-faith delays attributable to the government. This factor too weighs in favor of the government. And considering the fourth factor – whether the conditions under which Oladinni is confined are "meaningfully different" from criminal punishment – Oladinni is held in an immigration-specific wing of the Miami Correctional Facility. Because there is no evidence the conditions of Oladinni's confinement are "meaningfully different" from criminal punishment, this factor alone weighs in Oladinni's favor.

Accordingly, because Oladinni has only been detained for approximately four months, his immigration proceedings are moving forward, and the government has not improperly delayed those proceedings, the *German Santos* factors weigh in favor of the government. Therefore, Oladinni has no valid as-applied due process claim and there is no reasonable basis for the court to order a bond hearing.

For these reasons, the court **DENIES** the petition for a writ of habeas corpus (ECF 1).

SO ORDERED on March 19, 2026

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

5